**UNITED STATES of America,**
**Appellee,**

v.

**Jose PEREZ, Defendant–Appellant.**

**No. 04–0232–CR.**

United States Court of Appeals,
Second Circuit.

May 13, 2005.

Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, NY, for Appellant.

Arthur Gollwitzer III and Harry Sandick, Assistant United States Attorneys for the Southern District of New York (David N. Kelley, United States Attorney, on the brief), New York, NY, for Appellees.

Present: LEVAL, STRAUB, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED IN PART** and **REMANDED** for further proceedings.

Defendant–Appellant Jose A. Perez appeals from a judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, *Judge*), entered January 8, 2004, convicting Perez upon a guilty plea of illegal reentry following deportation subsequent to a conviction for commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). We assume familiarity with the facts and procedural history of this case.

Perez argues that his conviction was defective because there was an insufficient factual basis for his plea. Perez acknowledges that he "did not object below on this ground to his conviction" such that he must satisfy the "plain error" standard on appellate review. *See* FED. R.CRIM. P. 52(b).

Perez contends that, because the district court failed to ask what drug was involved in his prior conviction of Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Law § 220.39(1), there was an insufficient factual basis to conclude that the conviction was an aggravated felony within the meaning of 8 U.S.C. § 1326(b)(2). Perez bases his argument on the existence of slight differences between the schedule of controlled substances that will support a conviction for Criminal Sale of a Controlled Substance in the Third Degree, *see* N.Y. Penal Law § 220.00(7), and the schedule of controlled substances for which trafficking in the substance constitutes an aggravated felony, *see* 21 U.S.C. §§ 802(6), 812; 8 U.S.C. § 1101(a)(43). The government responds that because a prior aggravated felony is not an element of the offense for which Perez pleaded guilty, *see Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350

(1998), Federal Rule of Criminal Procedure 11 did not require the district court to establish a factual basis for Perez's admission that he had been convicted of an aggravated felony.

Even assuming for the sake of argument that the fact of a prior aggravated felony conviction constituted an element of the offense to which Perez pleaded guilty, we see no reason to vacate Perez's conviction. The indictment charged him with illegal reentry "subsequent to a conviction for the commission of an aggravated felony, to wit, a conviction on or about August 24, 1999, in New York State Supreme Court ... for Criminal Sale of a Controlled Substance in the Third Degree." In addition to pleading guilty, Perez responded to questions from the court by admitting the allegations contained in the charge. These admissions, made while Perez was represented by counsel, are sufficient to establish a factual basis for the plea. *See Godwin v. United States*, 687 F.2d 585, 590 (2d Cir. 1982). We therefore conclude that the district court's failure to elicit the specific controlled substance involved in Perez's 1999 conviction does not constitute plain error.

Perez has informed this Court that he seeks a remand in light of the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). In accordance with *Crosby*, we remand for consideration whether to resentence.

The judgment of the district court is AFFIRMED IN PART, and the case is REMANDED to the district court for further proceedings in conformity with *Crosby*.